NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARK TRUDNOS,<br><br>　　　　　Plaintiff,<br>　v.<br>SHERIFF MICHAEL F. STRADA, *et al.*,<br><br>　　　　　Defendants. | Civil Action No.: 19-05846<br><br>**OPINION** |

**CECCHI, District Judge.**

**I.      INTRODUCTION**

This matter comes before the Court by way of Defendants'[1] motions to dismiss Plaintiff Mark Trudnos's ("Plaintiff") Complaint (ECF No. 1, "Compl.") pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  ECF Nos. 3, 6, 9.  Plaintiff opposed the motions, (ECF Nos. 10, 11, 12), and certain Defendants replied (ECF Nos. 17, 33, 34). This matter is decided without oral argument.  Fed. R. Civ. P. 78(b).  For the reasons set forth below, Defendants' motions are granted.

**II.     BACKGROUND**

This case arises out of a prior state court foreclosure action involving Plaintiff's previously owned property located at 72 Indian Field Drive, Hamburg, New Jersey (the "Property").

---

[1] Defendants are Michael F. Strada, Sheriff of Sussex County, New Jersey; Mitchell Ellicott, Lieutenant with the Sussex County Sheriff's Department; John Gray, Sergeant with the Sussex County Sheriff's Department; "Smith," Investigator with the Sussex County Sheriff's Department; Johnny Swords, Officer with the Sussex County Sheriff's Department; Lew Labar, Officer with the Sussex County Sheriff's Department; Jennifer Nestor, Community Manager employed by Comet Management AAMC; Lori Pohrischak, Employee of Comet Management AAMC; Comet ManagementAAMC; Indian Field at Hardyston Homeowner's Association; and Richard B. Linderman, attorney representing Indian Field at Hardyston Homeowner's Association (collectively, "Defendants").

Prior to 2016, Plaintiff owned the Property, which is located within Indian Field at Hardyston Homeowner's Association, Inc. (the "Association"). *See generally* Compl. On March 9, 2011, the Association recorded a lien against the Property. *Id*. at ¶¶ 31. Thereafter, Plaintiff defaulted on the lien and the New Jersey Superior Court, Law Division, entered an order permitting the Association to sell the Property pursuant to N.J.C.R. ¶ 4:59-1(c)(1). *Id*. at ¶¶ 31–35; ECF No. 3-2 at 5–6. As a result, on February 15, 2013, the Association filed a foreclosure action against Plaintiff in the New Jersey Superior Court, Chancery Division, to foreclose its lien on the Property for unpaid fees, attorneys' fees, and other charges. Compl. at ¶¶ 38–42; ECF No. 3 at 6.

On July 10, 2014, the Chancery Division entered a final foreclosure judgment regarding the Property against Plaintiff,[2] and the Property was sold through a sheriff's sale on September 30, 2015. *Id*. at ¶ 55. The Sussex County Sheriff's Department, at the request of the Association, evicted Plaintiff from the Property on February 19, 2016.[3] ECF No. 1, Ex. L.

Plaintiff subsequently appealed the foreclosure judgment and eviction order, but, on January 29, 2018, the New Jersey Appellate Division denied his request, while affirming all determinations of the lower court and finding that the "Association's actions were lawful." ECF No. 3-3, Certification of Mark M. Wiechnik, Esq., Ex. C. The New Jersey Supreme Court later denied Plaintiff's petition for certification on January 25, 2019. *Id.* at Ex. D.

Plaintiff commenced this action on February 14, 2019, alleging that Defendants violated his rights under the U.S. and New Jersey constitutions, and various federal and state laws, by

---

[2] ECF No. 3-3, Certification of Mark M. Wiechnik, Esq., Ex. A.
[3] While Plaintiff notes that on February 12, 2016, the New Jersey Supreme Court granted Plaintiff a temporary stay of the eviction order, it did so only "through February 19, 2016." Compl. at ¶ 66; ECF No. 1, Ex. A. (New Jersey Supreme Court order). Thus, as the New Jersey Appellate Division later held, the "Association's actions were lawful." ECF No. 3-3, Certification of Mark M. Wiechnik, Esq., Ex. C.

pursuing the foreclosure action and subsequent sheriff's sale and eviction.[4] *See generally* Compl. While Plaintiff's Complaint consists of disjointed counts and conclusory factual allegations concerning Defendants' purported violations, he appears to assert claims under: 42 U.S.C. § 1987; 18 U.S.C. §§ 241–42; 18 U.S.C. §§ 1964, 1968; N.J.S.A § 2C:20-3–5; N.J.S.A § 2C:30-2; N.J.S.A § 2A:33, 39-2; N.J.S.A § 2C:15-1; New Jersey Constitution Article I, §§ 1, 7; 18 U.S.C. § 1962; 42 U.S.C. § 1983; and 42 U.S.C. § 1985(3).

### III. LEGAL STANDARD

#### a. Federal Rule of Civil Procedure Rule 12(b)(1)

A court on the motion of a party or *sua sponte* must dismiss a claim under Rule 12(b)(1) where it lacks subject matter jurisdiction. *In re Schering Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 243 (3d Cir. 2012). When addressing a challenge to subject matter jurisdiction, "the court must start by determining whether [it is] dealing with a facial or factual attack to jurisdiction." *U.S. ex rel. Atkinson v. PA. Shipbuilding Co.,* 473 F.3d 506, 514 (3d Cir. 2007). A "facial attack" assumes that the allegations of the complaint are true, "but contends that the pleadings fail to present an action within the court's jurisdiction." *Spataro v. Hollingsworth*, No. 15-1736, 2016 WL 3951327, at *2 (D.N.J. July 21, 2016), *aff'd sub nom.*, 684 F. App'x 117 (3d Cir. 2017) (citations omitted). A factual attack, on the other hand, "is an argument that there is no subject matter jurisdiction because the facts of the case . . . do not support the asserted jurisdiction." *Smalls v. Jacoby & Meyers, LLP*, No. 15-6559, 2016 WL 354749, at *1 (D.N.J. Jan. 26, 2016) (citations omitted). Here, Defendants "filed the attack before [they] filed any answer to

---

[4] On January 24, 2020, this Court ordered the submission of supplemental briefing on "the limited issue of applying the *Rooker-Feldman* Doctrine" to this case, and Defendants filed submissions on February 14, 2020. ECF Nos. 33–34.

the Complaint or otherwise presented competing facts. Their motion[s] [are] therefore, by definition, a facial attack." *Silverberg v. City of Philadelphia*, No. 19-2691, 2020 WL 108619, at *3 (E.D. Pa. Jan. 8, 2020).

### b. Federal Rule of Civil Procedure Rule 12(b)(6)

To survive dismissal under Rule 12(b)(6), a complaint must meet the pleading requirements of Rule 8(a)(2) and "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). In evaluating the sufficiency of a complaint, a court must also draw all reasonable inferences in favor of the non-moving party. *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008). Ultimately, a complaint "that offers 'labels and conclusions' or . . . tenders 'naked assertions' devoid of further factual enhancement," will not withstand dismissal under Rule 12(b)(6). *Iqbal*, 556 U.S. at 678 (citations omitted).

## IV. DISCUSSION

### a. *Rooker-Feldman* Doctrine

Defendants argue that the Complaint warrants dismissal because, among other reasons, the Court lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine and Plaintiff has failed to state a claim upon which relief can be granted. ECF Nos. 3-2, 6-1, 9-1. The Court will begin by considering Defendants' jurisdictional challenge to the Complaint under the *Rooker-Feldman* doctrine. *See Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007) ("[A] federal court generally may not rule on the merits of a case without first determining that it has jurisdiction over the cause.").

*Rooker-Feldman* is a preclusion doctrine that "strips federal courts of jurisdiction over controversies that are essentially appeals from state-court judgments." *Duffy v. Wells Fargo Bank*,

N.A., No. 16-4453, 2017 WL 236196, at *4 (D.N.J. May 31, 2017) (citations omitted). "It is implicated when, in order to grant the federal plaintiff the relief sought, the federal court must determine that the state court judgment was erroneously entered or must take action that would render the judgment ineffectual." *In re Madera*, 586 F.3d 228, 232 (3d Cir. 2009) (citations omitted). Thus, *Rooker-Feldman* applies in "[1] cases brought by state-court losers [2] complaining of injuries caused by state-court judgments [3] rendered before the district court proceedings commenced and [4] inviting district court review and rejection of those judgments." *Malhan v. Sec'y United States Dep't of State*, 938 F.3d 453, 458 (3d Cir. 2019) (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)).

As a threshold matter, the Court finds that the first requirement is met, as Plaintiff was the losing party in the foreclosure action—a prior state court action. *See* ECF No. 3-3, Certification of Mark M. Wiechnik, Esq., Ex. A.

With regard to the second requirement, "an injury must in fact be caused by the state court judgment itself, rather than the actions of another entity—even if that other entity is a party to the state court proceedings." *Luft v. Clerk of the Superior Ct. of New Jersey*, No. 19-11728, 2020 WL 967857, at *3 (D.N.J. Feb. 28, 2020) (citations omitted). Here, the gravamen of the Complaint appears to be that the New Jersey courts had no basis to issue the foreclosure judgment and, for the same reason, permit the subsequent sheriff's sale and eviction. *See generally* Compl. Indeed, Plaintiff seeks a declaratory order from this Court directing that the Association's "writ of possession" concerning the Property—obtained through the foreclosure proceedings—be "void by operation of law." Compl. at ¶ 45. Thus, as Complaint seeks to redress Plaintiff's alleged injuries caused by the decisions of New Jersey courts in connection with the foreclosure proceedings, the second requirement is met.

The third requirement is also met as Plaintiff commenced this action on February 14, 2019, after the foreclosure judgment became "final" as, on January 25, 2019, the New Jersey Supreme Court denied Plaintiff's petition for certification. *See Carter v. New Jersey*, No. 03-0934, 2005 WL 2621904, at *2 (D.N.J. Oct. 14, 2005) (judgment issued by a New Jersey court is considered "final" following disposition by the New Jersey Supreme Court).

Finally, the fourth requirement requires that the federal action be "so inextricably intertwined [with the state court action] that a 'favorable decision in federal court would require negating or reversing the state-court . . . judgment.'" *Duffy*, 2017 WL 2364196, at *7 (quoting *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 170 n.4 (3d Cir. 2010)). Here, the state court action resulted in the foreclosure judgment, and, under New Jersey law, a foreclosure judgment is valid when: (1) the note and mortgage are lawful; (2) a default occurred; and (3) the defendant has the right to foreclose. *See Ezell v. JPMorgan Chase Bank Nat'l Ass'n*, No. 181407, 2020 WL 525899, at *5 (D.N.J. Jan. 31, 2020) (noting that a federal action seeking to undermine any of the three pre-conditions necessary to establish a foreclosure judgment satisfies the fourth *Rooker-Feldman* requirement). Therefore, as the Complaint asserts that Defendants did not have the right to foreclose, it essentially seeks to overturn the foreclosure judgment and, accordingly, the fourth *Rooker-Feldman* requirement is satisfied. *See Id.*; *see also Martinez v. Bank of Am., N.A.*, No. 15-8926, 2016 WL 1135441, at *4 (D.N.J. Mar. 22, 2016) ("This type of action is exactly what *Rooker-Feldman* is meant to prevent: an attempt to invalidate the final judgment of foreclosure.") (citations omitted). Accordingly, the Complaint is barred by the *Rooker-Feldman* doctrine.[5]

---

[5] Notably, Plaintiff does not meaningfully contest the applicability of the *Rooker-Feldman* doctrine to this case in any of his submissions filed with this Court.

### b. Entire Controversy and *Res Judicata* Doctrines

The Court also finds that, even if the *Rooker-Feldman* doctrine does not bar all of Plaintiff's claims, the Complaint would be precluded under the Entire Controversy and *Res Judicata* Doctrines. The Entire Controversy Doctrine, codified under N.J. Ct. R. 430A, and the *Res Judicata* doctrine both share a trio of requirements for preclusive effect to be given: (1) "the judgment in the prior action must be valid, final, and on the merits"; (2) "the parties in the action must be identical or in privity with those in the prior action"; and (3) "the [] action must grow out of the same transaction or occurrence as the claim in the earlier one." *Rodrigues v. Unifund CCR, LLC*, 690 F. App'x 799, 802 (3d Cir. 2017) (applying the *Res Judicata* and Entire Controversy Doctrines together) (citations omitted). These requirements are satisfied here.

First, the foreclosure action previously concluded with a final judgment on the merits (ECF No. 3-3, Certification of Mark M. Wiechnik, Esq., Ex. D). *See Maiden v. Brunswick Twp. Sch. Dist.*, No. 19-18768, 2020 WL 3546809, at *4 (D.N.J. June 30, 2020) (first prong of the *Res Judicata* and Entire Controversy Doctrines is satisfied where "there was a previous final judgment on the merits").

Second, based on the various state court records attached to Plaintiff's Complaint, it appears that Plaintiff, the Association, and the Sussex County Sheriff's Department were all parties in the foreclosure action. ECF No. 1 at 43–162. Further, Defendants Strada, Ellicott, Gray, Smith, Swords, and Labar were employees of the Sussex County Sheriff's Department, and, therefore, are in privity for preclusion purposes.[6] *See Fleming v. Veterans Admin.*, No. 10-7226, 2013 WL

---

[6] It is unclear whether Plaintiff purports to sue these Defendants in their official or individual capacities. However, the Court considers Plaintiff's suit to be against these Defendants in their official capacities as Plaintiff's allegations concerning these Defendants involve conduct solely incurred within the scope of their employment.

1148375, at *4 (E.D. Pa. Mar. 20, 2013) ("[B]ecause these defendants are former and current employees of the [government], for the purposes of . . . preclusion, they are considered privies of [the government].") (citations omitted). Defendants Nestor, Pohrischak, and Comet Management AAMC, the Association's managers (Compl. at ¶ 23–25), and Defendant Linderman, the Association's attorney during the foreclosure proceedings (*id*. at ¶ 27), are similarly in privity with the Association for preclusion purposes. *See Egli v. Strimel*, 251 F. Supp. 3d 827, 836 (E.D. Pa. 2017) (finding business partners to be in privity in context of *Res Judicata* where the parties asserted a "pre-existing substantive legal relationship between the person to be bound and a party to the judgment") (citations omitted); *Camp v. Wells Fargo Bank, N.A.*, No. 16-2463, 2017 WL 738493, at *3 (D.N.J. Feb. 24, 2017) (an attorney is in privity with his client regarding state court proceedings, by virtue of his attorney-client relationship, for preclusion purposes).

Third, the instant action and the foreclosure action arise out of the same transaction and occurrence—the foreclosure on the Property. *See Maiden*, 2020 WL 3546809, at *5 (applying preclusion doctrines where the action arose out of the same material facts as the prior state court action).

Furthermore, regardless of whether Plaintiff's instant claims deviate from his claims asserted in the foreclosure action, "[t]he doctrine of *Res Judicata* bars not only claims that were brought in a previous action, but also claims that could have been brought." *Duhaney v. Attorney Gen. of U.S.*, 621 F.3d 340, 347 (3d Cir. 2010). Similarly, the Entire Controversy Doctrine bars claims that "accrued, ripened, and become known to [Plaintiff] during the pendency of the state court foreclosure action." *See Puche v. Wells Fargo NA*, 256 F. Supp. 3d 540, 548 (D.N.J. 2017). Here, as noted above, Plaintiff litigated the lawfulness of the foreclosure and subsequent sheriff's sale and eviction order until January 25, 2019, when the New Jersey Supreme Court denied his

petition for certification. Therefore, as Plaintiff knew or should have known of each of his instant claims during the pendency of the state court proceedings, the Complaint is precluded.

    c. **Failure to State a Claim**

Notwithstanding the application of the *Rooker-Feldman* and preclusion doctrines discussed above, Plaintiff has failed to state a claim for relief on the merits. Plaintiff purports to bring claims under: 42 U.S.C. § 1987; 18 U.S.C. §§ 241–42; 18 U.S.C. §§ 1964, 1968; N.J.S.A § 2C:20-3–5; N.J.S.A § 2C:30-2; N.J.S.A § 2A:33, 39-2; N.J.S.A § 2C:15-1; New Jersey Constitution Article I, §§ 1, 7; 42 U.S.C. § 1983; and 42 U.S.C. § 1985(3). Plaintiff, however, provides no discernible factual allegations or legal theories that could serve as a basis for recovery against Defendants. Accordingly, because the Complaint does not adequately put Defendants on notice as to the claims asserted against them or the basis for such claims, Plaintiff has failed to state a claim for relief. *See Williams v. New Jersey*, No. 08-4620, 2009 WL 1606466, at *1 (D.N.J. June 5, 2009) (dismissing plaintiff's claims where "the Complaint is incomprehensible and contains no discernible factual allegations or legal theories that could serve as a basis for recovery against defendants").

    d. **Statute of Limitations – Section 1983 and Section 1985(3) Claims**

Plaintiff's claims under Sections 1983 and 1985(3) are also untimely. While Section 1983 contains no statute of limitations, courts hold that the applicable statute of limitations for Section 1983 actions is the requisite state personal injury statute. *Wilson v. Garcia*, 471 U.S. 261, 276 (1985). In New Jersey, "there is a two-year statute of limitations on personal injury actions, N.J.S.A. § 2A:14–2, and thus a two-year statute of limitations on Section 1983 actions." *Blow v. Paterson Police Dep't*, No. 11-2128, 2012 WL 368206, at *5 (D.N.J. Feb. 3, 2012) (citations

9

omitted). Courts also apply "the two-year, personal injury statute of limitations to Section 1985(3) violations." *Id.* at *6 (citations omitted).

Here, the crux of the Complaint involves the foreclosure proceedings and Plaintiff's subsequent ejectment. As noted above, Plaintiff's alleged unlawful eviction from the Property took place on February 19, 2016. ECF No. 1, Ex. L. Therefore, Plaintiff's claims, filed on February 14, 2019, are barred by the statute of limitations as they were brought more than two years after Plaintiff's alleged injury.

## V.    CONCLUSION

For the reasons set forth above, Defendants' motions to dismiss (ECF Nos. 3, 6, 9) are granted, and Plaintiff's Complaint is dismissed without prejudice pursuant to Rules 12(b)(1) and 12(b)(6). An appropriate Order accompanies this Opinion.

**DATED**: August 30, 2021

**CLAIRE C. CECCHI, U.S.D.J.**